UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SARAH CONSTANTINE; and
NYS DEAF COMMUNITY,

                        Plaintiffs,

v.                                                                                                          1:20-CV-1012
                                                                                                (DNH/ML)

FRANK J. MEROLA, Rensselaer County Clerk;
NYS DEPARTMENT OF MOTOR VEHICLES;
and 5 UNNAMED PERSONS EMPLOYED BY
DMV,

                        Defendants.
_____

APPEARANCES:                                                                                 OF COUNSEL:

SARAH CONSTANTINE
  Plaintiff, *Pro Se*
10102 Waters View Circle
Cohoes, New York 12047


MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

        The Clerk has sent this *pro se* complaint (Dkt. No. 1) together with an application to

proceed *in forma pauperis* (Dkt. No. 2), filed by Sarah Constantine ("Plaintiff")[1] to the Court for

---

[1]     Plaintiff, who is not an attorney, cannot represent other plaintiffs. Although parties have a statutory right to "plead and conduct their own cases," 28 U.S.C. § 1654, unlicensed laypersons may not "represent anyone else other than themselves." *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (internal quotation marks omitted); *see also Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) ("A person who has not been admitted to the practice of law may not represent anybody other than himself."). The Complaint names two plaintiffs—Sarah Constantine and the NYS Deaf Community. (Dkt. No. 1 at 1.) However, the Complaint and IFP application are only signed by Plaintiff. (Dkt. No. 1 at 4; Dkt. No. 2 at 2.) Plaintiff cannot represent anyone other than herself. Accordingly, I reviewed this action with Sarah Constantine as the sole plaintiff.

review.  For the reasons discussed below, I (1) grant Plaintiff's *in forma pauperis* application (Dkt. No. 2) and (2) recommend that Plaintiff's Complaint (Dkt. No. 1) be accepted in part for filing and dismissed in part.

I.   BACKGROUND

Construed as liberally[2] as possible, Plaintiff's Complaint alleges that her civil rights were violated by Defendants Frank J. Merola, Rensselaer County Clerk, NYS Department of Motor Vehicles (the "DMV"), and five unnamed persons employed by the DMV (collectively "Defendants").[3]  (*See generally* Dkt. No. 1.)  The Complaint is a form-complaint pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*.  (*Id*.)  Plaintiff alleges that she is "a [d]eaf [w]oman and [m]ute" and that she "was discriminated against [b]ecause [she is] [d]eaf and [b]ecause of [w]here [she] live[s]."  (*Id*. at 2.)  More specifically, Plaintiff alleges that on or about August 27, 2020 at 1:30 p.m., she was at the DMV office in Troy, New York, when a female DMV employee yelled at her, Plaintiff inquired whether she was being denied service, and another female DMV employee escorted Plaintiff elsewhere and told Plaintiff to "get the hell out of her building."  (*Id.*)  Plaintiff alleges that she explained to the DMV employees that she was deaf.  (*Id.*)  Plaintiff also alleges that she was discriminated against because she "was living in a different city."  (*Id*.)  Plaintiff asserts the following three claims pursuant to the ADA: (1) a

---

*See Yerushalayim v. Liecthung*, 19-CV-4101, 2019 WL 3817125, at *2 (E.D.N.Y. Aug. 13, 2019) (reviewing the action as brought by sole plaintiff, Ben-Siyon Ish Yerushalayim, because he was the only signatory on the complaint and IFP application and, as an unlicensed layperson, was incapable of representing the other named plaintiffs).

2      The court must interpret *pro se* complaints to raise the strongest arguments they suggest.  *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

3      Defendant Merola and the five unnamed persons employed by the DMV are collectively referred to as "individual Defendants."

claim of denial of participation in a public service or program, (2) a claim of failure to make alterations to accommodate a disability, and (3) a claim of retaliation. (*Id.*) As relief, Plaintiff requests that an interpreter be provided any time a deaf person goes to the DMV and that the DMV not discriminate against anyone for being deaf or because of where they live. (*Id.*) Plaintiff also seeks damages in the amount of $100,000.00. (*Id.*)

For a more complete statement of Plaintiff's claims, refer to the Complaint. (Dkt. No. 1.)

Plaintiff also filed an application for leave to proceed *in forma pauperis*. (Dkt. No. 2.)

## II. PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1).[4] After reviewing Plaintiff's amended *in forma pauperis* application (Dkt. No. 2), the Court finds that Plaintiff meets this standard. Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.[5]

## III. LEGAL STANDARD FOR INITIAL REVIEW OF THE COMPLAINT

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is

---

[4] The language of that section is ambiguous because it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[5] Plaintiff is reminded that, although the application to proceed *in forma pauperis* has been granted, she will still be required to pay fees that she may incur in this action, including copying and/or witness fees.

frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Courts are "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *see also Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (reading the plaintiff's *pro se* complaint "broadly, as we must" and holding that the complaint sufficiently raised a cognizable claim). "[E]xtreme caution should be exercised in ordering sua

4

sponte dismissal of a pro se complaint before the adverse party has been served and [the] parties . . . have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

The Court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Aguilar v. United States*, 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

## IV.   ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Having reviewed Plaintiff's Complaint with this principle in mind, I recommend that Plaintiff's Complaint (Dkt. No. 1) be (1) accepted for filing with respect to the claims pursuant to Title II of the ADA against the DMV and individual Defendants in their official capacities, (2) dismissed without prejudice and with leave to amend with respect to the claims pursuant to Title V of the

ADA against the DMV, and (3) dismissed with prejudice and without leave to amend with respect to the claims pursuant to (a) Title II of the ADA against the individual Defendants in their individual capacities, and (b) Title V of the ADA against the individual Defendants in their official and individual capacities.

### A. Discrimination

Plaintiff's discrimination claims appear to be pursuant to Title II of the ADA, which covers disability discrimination in public services, programs, and activities.[6] *Maioriello v. New York State Office for People with Developmental Disabilities*, 14-CV-0214, 2015 WL 5749879, at *12 (N.D.N.Y. Sept. 30, 2015) (Suddaby, C.J.) (citing *Tennessee v. Lane*, 541 U.S. 509, 533-34 (2004)).

"To establish a violation of Title II, plaintiff must show that: (1) he or she is a qualified individual with a disability; (2) the defendants are subject to the ADA; and (3) the plaintiff was denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or was otherwise discriminated against by defendants, by reason of plaintiff's disabilities." *Doherty v. Bice*, 18-CV-10898, 2020 WL 5548790, at *6 (S.D.N.Y. Sept. 16, 2020) (citing *Shomo v. City of New York*, 579 F.3d 176, 185 (2d Cir. 2009)). "A qualified individual can base a discrimination claim on any of three available theories: (1) intentional

---

[6] The Court notes that, to the extent Plaintiff's claims are based on a violation of Title III of the ADA, those claims should be dismissed because "Title III expressly does not apply to public entities, including local governments." *Bloom v. Bexar Cnty.*, 130 F.3d 722, 726 (5th Cir. 1997); *see Morales v. New York*, 22 F. Supp. 3d 256, 267 (S.D.N.Y. 2014) (stating that "[a] claim under Title III of [the ADA] can only be asserted against a private entity engaged in the provision of public accommodations, such as an inn, hotel or private school . . . Title III is not applicable to public entities.") (collecting cases). Because the DMV is a public entity, Plaintiff cannot assert a Title III claim against it. *See Maioriello*, 2015 WL 5749879, at *16 (dismissing Title V claims based on a violation of Title III against New York because Title III does not apply to public entities).

6

discrimination (disparate treatment); (2) disparate impact; and (3) failure to make a reasonable accommodation."  *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009).

However, "individuals cannot be held liable under the ADA."  *Netti v. Ayers*, 17-CV-0976, 2017 WL 7542494, at *18 (N.D.N.Y. Oct. 5, 2017) (Baxter, M.J.) (citing *Baross v. Greenlawn*, 16-CV-4805, 2017 WL 2124424, at *4 (E.D.N.Y. May 15, 2017)), *report and recommendation adopted by* 2018 WL 813509 (N.D.N.Y. Feb. 9, 2018) (Suddaby, C.J.); *accord Rosenfield v. New York State Div. of Veterans' Affairs*, 18-CV-1299, 2019 WL 4621962, at *10 (N.D.N.Y. Sept. 24, 2019) (Suddaby, C.J.); *see Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001) (holding that Title II of the ADA does not provide for suits against individuals); *Fox v. State Univ. of N.Y.*, 497 F. Supp. 2d 446, 449 (E.D.N.Y. 2007) ("[T]here is no individual liability under Title I or Title II of the ADA, or the ADEA."); *Sutherland v. New York State Dep't of Law*, 96-CV-6935, 1999 WL 314186, at *7 (S.D.N.Y. May 19, 1999) ("Individual defendants may not be held personally liable for alleged violations of the ADA.").

To the extent that Plaintiff sued individual Defendants in their individual capacities under the ADA, I recommend that those claims be dismissed with prejudice.  *See Doherty*, 2020 WL 5548790, at *10 (quoting *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001) (dismissing with prejudice claims against the defendants in their individual capacities pursuant to Title II of the ADA because that statute does not "provid[e] for individual capacity suits against state officials.").

Out of an abundance of caution, and mindful of the Second Circuit's instruction that a *pro se* plaintiff's pleadings must be liberally construed, *see, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), I find that a response is required to Plaintiff's Title

7

II ADA claim against the DMV and individual Defendants in their official capacities.[7] *See*

*Doherty*, 2020 WL 5548790, at *10 (citing *Goonewardena v. New York*, 475 F. Supp. 2d 310,

---

[7] The law in this Circuit is not settled with respect to whether Plaintiff may seek monetary damages against state actors for violations of Title II. "For some time in this Circuit, a plaintiff seeking monetary damages against a [state agency] to remedy an alleged Title II violation was required to show 'not only that there was a violation, but that such violation was motivated either by discriminatory animus or ill will stemming from plaintiff's disability.'" *Doherty*, 2020 WL 5548790, at *8 (quoting *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 89 (2d Cir. 2004); citing *Garcia*, 280 F.3d at 112). However, "[t]he Supreme Court's opinion in *United States v. Georgia*, 546 U.S. 151 (2006), 'has call[ed] *Garcia*'s validity into question' and suggested that ADA claims for damages may proceed under expanded circumstances." *Doherty*, 2020 WL 5548790, at *8 (quoting *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178, 194 (2d Cir. 2015)). "The Second Circuit in *Dean* left open the question of whether Congress validly abrogated state sovereign immunity under Title II of the ADA." *Id*. (citing *Dean*, 804 F.3d at 193-95 ("We express no position as to the question of whether Congress has validly abrogated sovereign immunity in the context of discrimination in access to public education on the basis of disability.")). The Second Circuit instructed district courts to apply the tripartite test articulated in *Georgia*, when considering whether Congress abrogated states' sovereign immunity under Title II. *Dean*, 804 F.2d at 195. Therefore, Courts are to consider

> on a claim-by-claim basis, (1) which aspects of the State's alleged conduct violated Title II; (2) to what extent such misconduct has violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid.

*Dean*, 804 F.3d at 194 (quoting *Georgia*, 546 U.S. at 159). Given the deference given to *pro se* pleadings, the procedural posture of the case, and the "'growing fracture' among courts in this Circuit as to how to determine valid abrogation of state sovereign immunity when no Fourteenth Amendment violation is alleged," *Rosen v. Pallito*, 13-CV-0277, 2017 WL 6513663, at *3 (D. Vt. Dec. 19, 2017), I recommend that the Court defer consideration of the *Georgia* factors until such time as the parties deem it appropriate to bring them before the Court. *Compare Doherty*, 2020 WL 5548790, at *8-9 (conducting the *Georgia* analysis on a motion to dismiss and holding that "Plaintiff's ADA claims for monetary damages shall . . . not be dismissed on the ground of sovereign immunity."), *Saunders v. Ryan*, 17-CV-0765, 2018 WL 4275987, at *6 (N.D.N.Y. Sept. 7, 2018) (Kahn, J.) (holding that "[w]ithout more substantive briefing on the issue [of the plaintiff's ADA claims for monetary damages based on the doctrine of sovereign immunity], the Court will not decide such a thorny question."), *Kearney v. Adams*, 15-CV-0824, 2018 WL 3121618, at *10-11 (N.D.N.Y. Feb. 8, 2018) (Hummel, M.J.) (on a motion for summary judgment, noting the divergent approaches adopted by district courts in the Circuit tasked with determining whether Eleventh Amendment immunity applies to Title II ADA claims, but ultimately holding that "because . . . the plaintiff's ADA claim [should be] dismissed, the sovereign immunity inquiry must end."), *report and recommendation adopted by* 2018 WL

327 (S.D.N.Y. 2007)) (holding that the plaintiff's "ADA claim may proceed against [the d]efendants in their official capacities.")

### B. Retaliation

"Title V of the ADA 'prohibits, *inter alia*, retaliation against any individual who has asserted rights under the ADA.'" *Currytto v. Doe*, 18-CV-1392, 2019 WL 2062432, at *8 (D. Conn. May 9, 2019) (citing *Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 159 (2d Cir. 1999)). "To state a retaliation claim under [the ADA], a plaintiff must establish that '(i) plaintiff was engaged in protected activity; (ii) the alleged retaliator knew that plaintiff was involved in protected activity; (iii) an adverse decision or course of action was taken against plaintiff; and (iv) a causal connection exists between the protected activity and the adverse action.'" *Currytto*, 2019 WL 2062432, at *8 (quoting *Weixel v. Bd. of Educ.*, 287 F.3d 139, 148 (2d Cir. 2002)).

The Complaint fails to allege that Plaintiff engaged in any protected activity, that any Defendant knew that Plaintiff was involved in the protected activity, or that any adverse decision

---

1470579 (N.D.N.Y. Mar. 26, 2018) (Sharpe, J.), *and Quezada v. Fischer*, 13-CV-0885, 2017 WL 9509993, at *36 (N.D.N.Y. Aug. 31, 2017) (Dancks, M.J.) (on a motion for summary judgment finding that because "no reasonable jury would find Plaintiff's substantive due process rights under the Fourteenth Amendment violated under *Georgia*" the plaintiff's "hearing impairment claim under the ADA" should be "barred under the Eleventh Amendment."), *report and recommendation adopted by* 2017 WL 4286304 (N.D.N.Y. Sept. 27, 2017) (D'Agostino, J.), *with LaPietra v. City of Albany Police Dep't*, 19-CV-1527, 2020 WL 5891888, at *14 (N.D.N.Y. Oct. 5, 2020) (Dancks, M.J.) (citing *Keitt v. New York City*, 882 F. Supp. 2d 412, 455-57 (S.D.N.Y. 2011)) (holding that "[w]hile individuals may be sued under the ADA in their official capacities, a plaintiff must plead that the defendant 'was motivated by discriminatory animus or ill-will based on the plaintiff's disability.'"), *Manuel v. New York*, 18-CV-11820, 2020 WL 5775271, at *3 (S.D.N.Y. Sept. 28, 2020) (dismissing the plaintiff's ADA claim for monetary damages on a motion to dismiss, based on the doctrine of sovereign immunity set forth in *Garcia* without mentioning *Georgia* or *Dean*), *and Rosenfield v. New York State Div. of Veterans' Affairs*, 18-CV-1299, 2019 WL 4621962, at *8-9 (N.D.N.Y. Sept. 24, 2019) (Suddaby, C.J.) (same).

or course of action taken by Defendants was causally connected to that protected activity. (Dkt. No. 1.)

Accordingly, I recommend dismissal of Plaintiff's ADA retaliation claim for failure to state a claim.[8]

In addition, "no claim under Title V may be maintained against an individual defendant, including [Defendant Merola or the five unnamed individuals employed by the DMV], whether acting in an official, or personal, capacity." *Dorsey v. Sullivan*, 10-CV-0744, 2013 WL 4776344, at *9 (W.D.N.Y. Sept. 3, 2013) (citing *Warren v. Goord,* 99-CV-0296, 2006 WL 1582385, at *17-20 (W.D.N.Y. May 26, 2006) (holding "[t]he failure to so provide for a remedy [for retaliation] is consistent with the fact that nowhere within the ADA's statutory scheme is there any provision for a cause of action against an individual defendant, regardless of capacity, for any substantive violation of ADA Titles I, II or III [such that] construing Title V in light of the ADA's complete statutory scheme . . . establishes that Title V similarly does not provide for a claim for retaliation against an individual defendant."), *aff'd,* 2008 WL 5077004 (2d Cir. 2008).

As a result, I recommend that claims against Defendants Merola and the five unnamed DMV employees be dismissed with prejudice.

---

[8] It is not clear whether states retain their sovereign immunity against retaliation claims brought under Title V of the ADA. *Compare Quadir v. New York State Dep't of Labor*, 39 F. Supp. 3d 528, 536-37 (S.D.N.Y. Aug. 19, 2014) (collecting cases) ("[S]tates retain their sovereign immunity against . . . Title V retaliation claims—at least to the extent that those claims are predicated on ADA Title I discrimination claims"), *with Maioriello*, 2015 WL 5749879, at *12 (holding that "insofar as Plaintiff can state a claim under Title II . . . of the ADA, her Title V claim will not be barred by the Eleventh Amendment"). Plaintiff's retaliation claim appears to be based on her Title II claim—as opposed to a Title I claim (because she does not allege an employment relationship with Defendants)—and thus, would not be barred by Eleventh Amendment immunity.

## V.  OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").  An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.").  Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend."  *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[9]

In this case, I am unable to conclude with complete certainty that if permitted leave to amend the complaint, Plaintiff could not assert a plausible claim pursuant to Title V against the DMV.  Accordingly, I recommend that leave to amend be granted with respect to that claim.  However, with respect to the claims pursuant to (1) Title II of the ADA against Defendants Merola and the five unnamed DMV employees in their individual capacities, and (2) Title V

---

[9]   *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

against Defendants Merola and the five unnamed DMV employees in either their official or individual capacities, I conclude that granting leave to amend would not likely be productive and recommend that those claims be dismissed without leave to amend.  *See Doherty*, 2020 WL 5548790, at *10 (quoting *Garcia*, 280 F.3d at 107) (dismissing with prejudice claims against the defendants in their individual capacities pursuant to Title II of the ADA); *Dorsey*, 2013 WL 4776344, at *9 (holding that "no claim under Title V may be maintained against an individual defendant . . . whether acting in an official, or personal, capacity.").

If Plaintiff chooses to file an amended complaint, she should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'"  *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *accord Pourzancvakil v. Humphry*, 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.).  Therefore, in any amended complaint, Plaintiff must clearly set forth facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act.  In addition, the revised pleading should allege facts demonstrating the specific involvement of any of the named defendants in the constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations.  *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).  Finally, Plaintiff is informed that any such amended complaint will replace the existing Complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court.  *See Shields*

*v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.").

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**; and it is further respectfully

**RECOMMENDED** that Plaintiff's Complaint (Dkt. No. 1) be accepted for filing with respect to Plaintiff's claims pursuant to Title II of the ADA against the DMV and Defendants Merola and the five unnamed employees of the DMV in their official capacities; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITH LEAVE TO REPLEAD** Plaintiff's Complaint (Dkt. No. 1) to the extent that it asserts claims pursuant to Title V against the DMV, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(B); and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITHOUT LEAVE TO REPLEAD** Plaintiff's Complaint (Dkt. No. 1) to the extent that it asserts claims pursuant to (1) Title II of the ADA against Defendants Merola and the five unnamed DMV employees in their individual capacities, and (2) Title V against Defendants Merola and the five unnamed DMV employees in either their official or individual capacities, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(B); and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITH LEAVE TO REPLEAD** any claims brought on behalf of "NYS Deaf Community" (Dkt. No. 1) because Plaintiff, who is not an attorney, cannot represent other plaintiffs; and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this Order and Report-Recommendation on Plaintiff, along with copies of the unpublished decisions cited herein in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[10]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated: November  6 , 2020
         Binghamton, New York

_Miroslav Lovric_
Miroslav Lovric
U.S. Magistrate Judge

---

[10]   If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).