UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SARAH CONSTANTINE,

        Plaintiff,

      -v-                1:20-CV-1012

FRANK J. MEROLA,
Rensselaer County Clerk,
NYS DEPARTMENT OF
MOTOR VEHICLES, and
5 UNNAMED PERSONS
EMPLOYED BY DMV,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| SARAH CONSTANTINE<br>Plaintiff, Pro Se<br>251 Old Post Road<br>Ballston Spa, NY 12020 | |
| HON. LETITIA JAMES<br>Attorneys for Defendant NYS<br>    Department of Motor Vehicles<br>The Capitol<br>Albany, NY 12224 | ANDREW W. KOSTER, ESQ.<br>Ass't Attorney General |
| MURPHY BURNS LLP<br>Attorneys for Defendant Frank<br>    J. Merola<br>407 Albany Shaker Road<br>Loudonville, NY 12211 | THOMAS K. MURPHY, ESQ. |

DAVID N. HURD
United States District Judge

## **MEMORANDUM-DECISION and ORDER**

## I. **INTRODUCTION**

On August 31, 2020, *pro se* plaintiff Sarah Constantine ("Constantine" or "plaintiff"), a deaf woman, filed this action against defendants Rensselaer County Clerk Frank Merola ("Merola"), the New York State Department of Motor Vehicles ("DMV"), and five unnamed persons employed at the DMV (the "Does") (collectively "defendants").  Dkt. No. 1.

Constantine's civil rights complaint alleged that defendants violated her rights under the Americans with Disabilities Act ("ADA") by denying her service at the DMV office in Troy, New York.  Dkt. No. 1.  Plaintiff also sought leave to proceed *in forma pauperis* ("IFP").  Dkt. No. 2.

On November 6, 2020, U.S. Magistrate Judge Miroslav Lovric granted Constantine's motion for leave to proceed IFP, conducted an initial review of the sufficiency of her pleading, and advised by Report & Recommendation ("R&R") that plaintiff's complaint be accepted for filing to the extent it alleged Title II ADA claims against the named defendants.  Dkt. No. 4.  This Court adopted Judge Lovric's R&R in its entirety and directed defendants to respond to plaintiff's surviving claims.  Dkt. No. 7.

On May 6, 2021, the DMV moved under Federal Rule of Civil Procedure ("Rule") 12(b)(6) to dismiss the remaining claims in Constantine's complaint. Dkt. No. 20. According to the DMV, plaintiff's complaint failed to connect her disability to any of the alleged mistreatment. *Id*.

On May 7, 2021, Merola also moved under Rule 12(b)(6) to dismiss Constantine's complaint. Dkt. No. 22. According to Merola, plaintiff's complaint failed to plausibly allege his personal involvement in any of the events at the DMV and, in any event, failed to connect plaintiff's disability to any of the alleged mistreatment. *Id*.

Because the briefing period for both motions has expired without a response from Constantine, the motions will be considered on the basis of the present submissions without oral argument.

## II. BACKGROUND

Constantine alleges that she is a "[d]eaf [w]oman and [m]ute." Dkt. No. 1 at 2.[1] In August of 2020, plaintiff and her son went to the DMV in Troy, New York. *Id*. at 3. According to plaintiff, an unknown female DMV employee immediately started yelling at her. *Id*. Plaintiff had "no idea" what this employee was saying. *Id*.

---

[1] Pagination corresponds with CM/ECF.

When Constantine tried to ask if she was being denied service because of her deafness, a second unknown DMV employee escorted her to another location. Dkt. No. 1 at 3. Plaintiff tried to explain that she was deaf, but this second employee yelled at her to "get the hell out of her building." *Id.*

Constantine alleges that these employees denied her service because of her deafness. Dkt. No. 1 at 3. Plaintiff also alleges that these employees discriminated against her because she "was living in a different city." *Id.* Plaintiff requests that there be an "interpreter every time a deaf person come[s] to [the DMV]" and $100,000 in damages. *Id.* at 4.

## III. LEGAL STANDARD

"To survive a Rule 12(b)(6) motion to dismiss, the factual allegations must be enough to raise a right to relief above the speculative level." *Ginsburg v. City of Ithaca*, 839 F. Supp. 2d 537, 540 (N.D.N.Y. 2012) (cleaned up). "Dismissal is appropriate only where plaintiff has failed to provide some basis for the allegations that support the elements of [her] claims." *Id.*

"When ruling on a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in the non-movant's favor." *United States v. Bedi*, 318 F. Supp. 3d 561, 564-65 (N.D.N.Y. 2018) (citation omitted). "In making this determination, a court generally confines itself to the 'facts stated on the face of the complaint, . . . documents appended to the complaint or incorporated in

the complaint by reference, and . . . matters of which judicial notice may be taken.'" *Id.* (quoting *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d. Cir. 2016)).

## IV. DISCUSSION

Because Constantine is proceeding *pro se*, her complaint, "however inartfully pleaded, must be held to less stringent standards than a formal pleading drafted by lawyers." *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2021) (cleaned up). As the Second Circuit has repeatedly instructed, a complaint filed *pro se* "must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.2d 509, 515 (2d Cir. 2013) (cleaned up).

"This is particularly so when the *pro se* plaintiff alleges that [her] civil rights have been violated." *Ahlers*, 684 F.3d at 60 (quoting *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008)). However, a *pro se* complaint must still state a plausible claim for relief to survive a motion to dismiss. *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013).

Liberally construed, Constantine's complaint alleges that defendants violated the ADA when they denied her service at the DMV and failed to accommodate her disability by providing an interpreter.

Generally speaking, the purpose of the ADA is to provide "enforceable standards addressing discrimination against individuals with disabilities" in areas of public life. 42 U.S.C. § 12101(b)(2). "Title II of the ADA covers

discrimination in the provision of public services." *Abrahams v. MTA Long Island Bus*, 644 F.3d 110, 115 (2d Cir. 2011). As relevant here, Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Id*. (quoting 42 U.S.C. § 12132).

"To establish a violation of Title II, plaintiff must show that: (1) he or she is a qualified individual with a disability; (2) the defendants are subject to the ADA; and (3) the plaintiff was denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or was otherwise discriminated against by defendants, by reason of plaintiff's disabilities." *Shomo v. City of N.Y.*, 579 F.3d 176, 185 (2d Cir. 2009). "A qualified individual can base a discrimination claim on any of three available theories: (1) intentional discrimination (disparate treatment); (2) disparate impact; and (3) failure to make a reasonable accommodation." *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009).

Constantine, a deaf woman, has plausibly alleged that she is a qualifying individual with a disability under the ADA and that defendants are subject to

the ADA.[2]  However, to state an actionable claim of disability discrimination, a plaintiff must show that the denial of service or denial of accommodations "was motivated by discriminatory animus." *Gee v. N.Y. City Health & Hosps. Corp.*, 2020 WL 3618454, at *6 (S.D.N.Y. July 2, 2020).

Upon review, Constantine's complaint falls short of this standard.  While she alleges in a conclusory fashion that the Does "discriminated" against her by "denying [her] service," plaintiff has failed to plausibly allege that she was refused service because of her disability.  *See, e.g.*, *Gee*, 2020 WL 3618454, at *6 (concluding same where plaintiff "failed to allege any objective indicator that Defendants harbored ill will towards Plaintiff").

To the extent that Constantine's complaint is based on the lack of a reasonable accommodation, this claim must also be dismissed.  For an individual "to be denied a reasonable accommodation, [she] must first request that accommodation." *Walker v. City of N.Y.*, 367 F. Supp. 3d 39, 55 (S.D.N.Y. 2019).  Plaintiff has not alleged that she made such a

---

[2] Judge Lovric correctly identified an apparent split of authority in our Circuit over whether Title II ADA claims for damages can be brought against individual defendants in their representative capacities.  Dkt. No. 4 at 8 n.7; *see also* *Scalerico-Isenberg v. Port Auth. of N.Y.*, 2018 WL 1633767, at *5 --*6 (S.D.N.Y. Mar. 31, 2018) (collecting cases on the split of authority).  Upon review, the Court concludes that an official-capacity suit for money damages against the Does is unavailable in this case because plaintiff has already named the DMV.  *See, e.g.*, *id*. ("[A]n official-capacity suit naming an individual is effectively a suit against the government entity.").

request. Accordingly, plaintiff's reasonable accommodation claim must also be dismissed.[3]

The remaining question is whether Constantine should be given leave to amend. "[A]lthough district courts in this Circuit are generally reluctant to dismiss a *pro se* plaintiff's action without permitting leave to replead, the Second Circuit has explained that it is nevertheless appropriate to do so in cases where it appears that granted leave to amend is unlikely to be productive." *Forjone v. Dep't of Motor Vehicles*, 414 F. Supp. 3d 292, 303 (N.D.N.Y. 2019) (cleaned up).

Judge Lovric already offered Constantine a limited opportunity to amend her complaint to cure defects in some of her claims. Dkt. No. 4. Plaintiff has not done so, and she has not responded in opposition to either of the pending motions. *See generally* Dkt. In the absence of some indication in her papers that she could eventually connect the denial of service at the DMV to her deafness, leave to amend would be a futile endeavor. Accordingly, leave to amend will be denied.

## V. **CONCLUSION**

Therefore, it is

ORDERED that

---

[3] Plaintiff also alleges that she was denied service "because [she] was living in a different city. Dkt. No. 1 at 3. However, this is not a cognizable claim under the ADA.

1. Defendant Merola's motion to dismiss is GRANTED;

2. Defendant DMV's motion to dismiss is GRANTED; and

3. Constantine's complaint is DISMISSED.

The Clerk of the Court is directed to enter a judgment accordingly and close the file.

IT IS SO ORDERED.

Dated: June 14, 2021
       Utica, New York.

_____
David N. Hurd
U.S. District Judge